Anderson, J.,
delivered the opinion of the court.
This was an action brought by the plaintiff in error against the defendants in error, to recover damages for the neglect and failure of the defendants to invest the plaintiff’s funds, in their hands during the late war between the States, in Georgia, Alabama and Missouri bonds, as the plaintiff alleges he instructed them to do.
The record shows that the defendants received a letter from the plaintiff, dated March 15th, 1863, inclosing a draft on the Confederate States for the sum or $1,858, which he requested the defendants to invest in a bond of the State of Missouri, and saying that, on or about the 1st of May following, there would be-, placed in their banking-house, to the credit of the plaintiff, some eight or nine thousand dollars in Confederate currency; which he requested them also to-invest in Missouri bonds.
*437 The defendants, it seems, had been the plaintiff’s 'regular hankers and brokers, at least since November, 1862, and, under instructions from him, had invested • his funds in Missouri bonds, in November, 1862, at a cost of $112 50; in December following at a little lower rate, $112; in January, 1863, at $115; and in February, at $125, the latter being the highest price paid for them prior to the date of plaintiff’s letter of March 15th, 1863. The fund mentioned in that letter to come into the hands of the defendants about the 1st •of May, to be invested for the plaintiff, was not received until the 23d of that month, when Missouri bonds had gone up from $125, their market value at the time the letter of instruction was written, to $230 •or $235. This appears from the letter of defendants, addressed to the plaintiff, dated 29th of June, 1863, in which they ask for further instructions, informing the ■plaintiff that, in consequence of this great advance in the price of Missomi bonds, and there not being and never having been any Georgia or Alabama bonds offered in market, they had not invested. And the question now is, was it their duty, under the circurn.stances, to carry out the instructions of March 15th, .as to the purchase of Missouri bonds, or to await further instructions ? The instructions given by the plaintiff through his sister, though communicated to the defendants at a later date than the letter of March 15th, were probably given under the same state of facts in the mind of the plaintiff that existed at the date of the letter, and cannot change the relations between the ■parties. Nor is it satisfactorily shown by the record that Missouri bonds could at that time have been obtained, if the defendants had then been instructed to purchase them at the extraordinary price at which they had been sold. But, whether this he so or not, the ■court is of opinion that it was a case for continued in■■struction. And that the defendants, who, it seems, ¡j *438 were acting in good faith, nothing to the contrary being even imputed to them, and who were acting in ■ fact against their own interest, for what they believed to be for the benefit of their principal, were justified in asking for and awaiting farther instructions.
With regard to instructions, there are two qualifications which are naturally and necessarily implied in every case of mercantile agency. And the same is applicable to an agency of this sort. The one is that they are applicable only to the ordinary course of j things. And the agent will be justified in cases of' | unforeseen emergency, in deviating from them. Story ‘on Agency, sec. 193. We think there had been such an extraordinary advance in the price of Missouri bonds since the instruction was given, which, if it did not constitute such an emergency, as at least to justify the defendants to call for further instructions, and to. await an answer. They wrote time and again to the-plaintiff, informing him of the change of circumstances, and asking for further instructions. If he did not receive their letters, it was not their fault. And it seems to the court that it would be too strict to hold them liable for the loss. The judgment of the Circuit court must therefore be affirmed.
Judgment Afeirmed.